IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS E. STEVENSON, #228063, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-271-MEF |
| | ) | [WO] |
| | ) | |
| GWENDOLYN MOSLEY, et al., | ) | |
| | ) | |
| Defendants | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Douglas E. Stevenson on March 23, 2005. On December 29, 2006, Stevenson filed a motion for temporary injunction. The court construes this request as a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.*

In this motion, Stevenson alleges that correctional officials at the Easterling Correction Facility ["Easterling"] have interfered with his right to receive legal assistance from a fellow inmate. He therefore seeks an order prohibiting prison officials from taking actions against him in his attempt to comply with the orders of this court with the assistance of a fellow inmate. For the following reasons, the court concludes that Stevenson's motion for preliminary injunction is due to be denied.

## I.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Stevenson must demonstrate to warrant issuance of a preliminary injunction are:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Stevenson outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public.  *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites.  *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of

irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

In his motion for preliminary injunction, Stevenson complains that correctional officials undertook actions against him in violation of his right to receive legal assistance from another inmate which interfered with his ability to complete a response to the most recent report filed by the defendants. *Motion for Preliminary Injunction - Court Doc. No. 39* at 2-3. Stevenson seeks an injunction "directing prison officials to cease interfering with [his] attempt to comply with the Honorable Court's latest ... order at issue." *Id*. at 3.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Stevenson has proven a substantial likelihood of success on the merits. Having reviewed Stevenson's motion for preliminary injunction, the court finds that he has failed to carry his burden. Other than his self-serving, conclusory allegations of a constitutional violation, Stevenson presents no proof or objective evidence that the actions about which he complains violated his constitutional rights. Essentially, the court has nothing but Stevenson's mere conclusions of law and unsupported factual allegations as "proof" that the actions at Easterling ran afoul of the Constitution. Moreover, an inmate has no constitutional right to receive legal assistance from another inmate nor does an inmate have a constitutional right to assist a fellow inmate in the preparation of legal materials. *Shaw v. Murphy*, 532 U.S. 223, 121 S.Ct. 1475 (2001); *Lewis v. Casey*, 518

U.S. 343, 350-351, 116 S.Ct. 2174 (1996). Accordingly, Stevenson fails to establish a substantial likelihood of success on the merits.

Stevenson likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Stevenson provides no credible evidence in support of his allegations concerning the actions taken against him. Additionally, the court has provided Stevenson an extension of time to submit the requisite response referenced in the motion for preliminary injunction. With respect to the third factor, whether issuance of injunctive relief would cause substantial harm to others, this component is essentially a neutral factor at this juncture of the proceedings. Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Thus, Stevenson has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on December 29, 2006 be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before January 22, 2007 the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 9th day of January, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE